CLERK'S OFFICE U.S. DISTRICT. COURT
AT ABINGDON, VA
FILED

MAR 29 2023

LAURA A. AUSTIN, CLERK
BY: /s/ A. Meade
DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case Nos. 1:21CR23 |
| | : | and 1:23CR6 |
| RALPH THOMAS REACH | : | |

## PLEA AGREEMENT

I have agreed to enter into a plea agreement with the United States of America, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. The terms and conditions of this agreement are as follows:

### A. CHARGE(S) TO WHICH I AM PLEADING GUILTY AND WAIVER OF RIGHTS

#### 1. The Charges and Potential Punishment

My attorney has informed me of the nature of the charge(s) and the elements of the charge(s) that must be proved by the United States beyond a reasonable doubt before I could be found guilty as charged.

I agree to plead guilty to an Information, which is a charge brought by the United States Attorney as opposed to one returned by a Grand Jury. I am waiving and giving up my right to be charged by Indictment and have a Grand Jury vote on my probable guilt.

I will enter a plea of guilty to Count 1 of an Information in Case No. 1:21CR23 ("First Information") and Count 1 and 2 of an Information in Case No. 1:23CR 6 ("Second Information").

Count 1 of the First Information charges me with causing drugs to be misbranded while held for sale after shipment in interstate commerce, in violation of 21 U.S.C. § 331(k), 333(a)(1), 353(b)(1). The maximum statutory penalty is a fine of $100,000 and/or

Defendant's Initials: _RTR_

Page 1 of 15

imprisonment for a term of one year, plus a term of supervised release of one year.

Count 1 of the Second Information charges me with causing drugs to be misbranded while held for sale after shipment in interstate commerce, in violation of 21 U.S.C. § 331(k), 333(a)(1), 353(b)(1). The maximum statutory penalty is a fine of $100,000 and/or imprisonment for a term of one year, plus a term of supervised release of one year.

Count 2 of the Second Information charges me with causing drugs to be misbranded while held for sale after shipment in interstate commerce, in violation of 21 U.S.C. § 331(k), 333(a)(1), 353(b)(1). The maximum statutory penalty is a fine of $100,000 and/or imprisonment for a term of one year, plus a term of supervised release of one year.

I understand restitution may be ordered, my assets may be subject to forfeiture, and fees may be imposed to pay for incarceration, supervised release, and costs of prosecution. In addition, a $25 special assessment, pursuant to 18 U.S.C. § 3013, will be imposed per count of conviction. I further understand my supervised release may be revoked if I violate its terms and conditions. I understand a violation of supervised release increases the possible period of incarceration.

I am pleading guilty as described above because I am in fact guilty and because I believe it is in my best interest to do so and not because of any threats or promises not set forth in this agreement.

2. **<u>Waiver of Constitutional Rights Upon a Plea of Guilty</u>**

I acknowledge I have had all of my rights explained to me and I expressly recognize I have the following constitutional rights and, by voluntarily pleading guilty, I knowingly waive and give up these valuable constitutional rights:

   a. The right to plead not guilty and persist in that plea;
   b. The right to a speedy and public jury trial;
   c. The right to assistance of counsel at that trial and in any subsequent appeal;
   d. The right to remain silent at trial;
   e. The right to testify at trial;
   f. The right to confront and cross-examine witnesses called by the government;
   g. The right to present evidence and witnesses in my own behalf;
   h. The right to compulsory process of the court;
   i. The right to compel the attendance of witnesses at trial;

Defendant's Initials: _____

  j. The right to be presumed innocent;
  k. The right to a unanimous guilty verdict; and
  l. The right to appeal a guilty verdict.

### 3. Dismissal of Counts

If I comply with my obligations under the plea agreement and the Court sentences me in accordance with joint recommendation of the parties, United States will move, at sentencing, that I be dismissed as a defendant in the indictment pending against me. I stipulate and agree the United States had probable cause to bring all the counts in the Indictment which are being dismissed under this agreement, these charges were not frivolous, vexatious or in bad faith, and I am not a "prevailing party" with regard to these charges. I further waive any claim for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

## B. SENTENCING PROVISIONS

### 1. General Matters

Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and I agree I shall be sentenced to the following terms, on separate days in different cases (accordingly, 18 U.S.C. 3561(a)(3) does not apply):
 a. as to the First Information:
  i. a period of imprisonment (real imprisonment – not an alternative to incarceration) within the range of six months to twelve months ~~and one day~~ (if I fully comply with the plea agreement, the United States will recommend a sentence of imprisonment of six months); and
  ii. no term of supervised release.
 b. as to the Second Information:
  i. a period of probation of five years to include 18 months of home detention to be served upon my release from incarceration;
  ii. a forfeiture of $50,000 (fifty thousand dollars) to be paid within sixty days of the entry of my guilty plea; and
  iii. a fine of $100,000 (one hundred thousand dollars).

The parties agree these are reasonable sentences considering all of the facts and circumstances of these cases. I understand the Court must sentence me as set forth above or reject the plea agreement. If, and only if, the Court rejects the plea agreement, I will be given an opportunity to withdraw my guilty plea. The United States and I agree all other

Defendant's Initials: _____

sentencing matters, including, but not limited to, conditions of probation, are left to the Court's discretion. Because the parties have stipulated the agreed to sentence of imprisonment is reasonable regardless of the guidelines calculations, I waive any right I may have to any future reduction in sentence based on a change in the sentencing guidelines.

I understand I will have an opportunity to review a copy of my presentence report in advance of my sentencing hearing and may file objections, as appropriate. I will have an opportunity at my sentencing hearing to present evidence, bring witnesses, cross-examine any witnesses the government calls to testify, and argue to the Court what an appropriate sentence should be within the confines of the terms of this agreement.

I understand I will not be eligible for parole during any term of imprisonment imposed.

## 2. Sentencing Guidelines

I stipulate and agree that all matters pertaining to any of the counts of the charging document(s), including any dismissed counts, are relevant conduct for purposes of sentencing.

I understand guideline sections may be applicable to my cases and the United States and I will be free to argue whether these sections should or should not apply; to the extent the arguments are not inconsistent with the stipulations, recommendations and terms set forth in this plea agreement.

## 3. Substantial Assistance

I understand the United States retains all of its rights pursuant to Fed. R. Crim. P. 35(b), U.S.S.G. §5K1.1 and 18 U.S.C. § 3553(e). I understand even if I fully cooperate with law enforcement, the United States is under no obligation to make a motion for the reduction of my sentence. I understand if the United States makes a motion for a reduction in my sentence, the Court, after hearing the evidence, will determine how much of a departure, if any, I should be given. THIS PROVISION IS DESIGNED TO PROTECT THE UNITED STATES AND IS INCLUDED IN PLEA AGREEMENTS IN THE WESTERN DISTRICT OF VIRGINIA EVEN IF A DEFENDANT IS NOT COOPERATING.

Defendant's Initials: _____

4. **Monetary Obligations**

   a. **Special Assessments, Fines and Restitution**

   I understand persons convicted of crimes are required to pay a mandatory assessment of $25.00 per misdemeanor count of conviction. I agree I will submit to the U.S. Clerk's Office, a certified check, money order, or attorney's trust check, made payable to the "Clerk, U.S. District Court" for the total amount due for mandatory assessments prior to entering my pleas of guilty.

   I further agree to make good faith efforts toward payment of all mandatory assessments and fines, with whatever means I have at my disposal. I agree failure to do so will constitute a violation of this agreement. I will execute any documents necessary to release the funds I have in any repository, bank, investment, other financial institution, or any other location in order to make partial or total payment toward the mandatory assessments, restitution and fines imposed in my case.

   I understand and agree, pursuant to 18 U.S.C. §§ 3613 and 3664(m), whatever monetary penalties are imposed by the Court will be (i) due immediately and subject to immediate enforcement by the United States as provided for by 18 U.S.C. § 3613, and (ii) submitted to the Treasury Offset Program so that any federal payment or transfer of returned property to the defendant may be offset and applied to federal debts but will not affect the periodic payment schedule. I further understand if the Court imposes a schedule of payments, that schedule is only a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

   I agree to grant the United States a wage assignment, liquidate assets, or complete any other tasks which will result in immediate payment in full, or payment in the shortest time in which full payment can be reasonably made as required under 18 U.S.C. § 3572(d).

   I expressly authorize the United States Attorney's Office to obtain a credit report on me in order to evaluate my ability to satisfy any financial obligation imposed by the Court.

   I agree the following provisions, or words of similar effect, should be included as conditions of probation and/or supervised release: (1) "The defendant shall notify the Financial Litigation Unit, United States Attorney's Office, in writing, of any interest in property obtained, directly or indirectly, including any interest obtained under any other

Defendant's Initials: _____

name, or entity, including a trust, partnership or corporation after the execution of this agreement until all fines, restitution, money judgments and monetary assessments are paid in full" and (2) "The Defendant shall notify the Financial Litigation Unit, United States Attorney's Office, in writing, at least 30 days prior to transferring any interest in property owned directly or indirectly by Defendant, including any interest held or owned under any other name or entity, including trusts, partnership and/or corporations until all fines, restitution, money judgments and monetary assessments are paid in full."

The parties will also jointly recommend that as a condition of probation or supervised release, "Defendant will notify the Financial Litigation Unit, United States Attorney's Office, before Defendant transfers any interest in property owned directly or indirectly by Defendant, including any interest held or owned under any other name or entity, including trusts, partnership and/or corporations. See 18 U.S.C. § 3664(k), (n)."

Regardless of whether or not the Court specifically directs participation or imposes a schedule of payments, I agree to fully participate in inmate employment under any available or recommended programs operated by the Bureau of Prisons.

### b. Duty to Make Financial Disclosures

I have agreed to the imposition of a fine and forfeiture in this case. In order to assist the United States in any necessary collection of those sums, I agree, if requested by the United States, to provide a complete and truthful financial statement to the United States Attorney's Office, within 30 days of the request or 3 days prior to sentencing, whichever is earlier, detailing all income, expenditures, assets, liabilities, gifts and conveyances by myself, my spouse and my dependent children and any corporation, partnership or other entity in which I hold or have held an interest, for the period starting on January 1st of 2022 through the date of the statement. This financial statement shall be submitted in a form acceptable to the United States Attorney's office.

From the time of the signing of this agreement or the date I sign the financial statement, whichever is earlier, I agree not to convey anything of value to any person without the authorization of the United States Attorney's Office.

### c. Understanding of Collection Matters

I understand:

Defendant's Initials: ___

1. as part of the judgment in these cases I will be ordered to pay one or more monetary obligations;
2. payment should be made as ordered by the Court;
3. I must mail payments, by cashier's check or money order, payable to the "Clerk, U.S. District Court" to: 210 Franklin Road, S.W., Suite 540, Roanoke, Virginia 24011; and include my name and court number on the check or money order;
4. interest (unless waived by the Court) and penalties must be imposed for late or missed payments;
5. the United States may file liens on my real and personal property that will remain in place until monetary obligations are paid in full, or until liens expire (the later of 20 years from date of sentencing or release from incarceration);
6. if I retain counsel to represent me regarding the United States' efforts to collect any of my monetary obligations, I will immediately notify the United States Attorney's Office, ATTN: Financial Litigation Unit, P.O. Box 1709, Roanoke, Virginia 24008-1709, in writing, of the fact of my legal representation; and
7. I, or my attorney if an attorney will represent me regarding collection of monetary obligations, can contact the U.S. Attorney's Office's Financial Litigation Unit at 540/857-2259.

## C. FORFEITURE

I agree to the forfeiture of the assets set forth in this section on the grounds set forth in the Order of Forfeiture. I agree this Order of Forfeiture shall be entered by the Court and shall be final at the time I enter my plea. To the extent necessary, I waive notice of forfeiture as to any asset I have agreed to forfeit and waive oral pronouncement at sentencing.

I agree to a forfeiture money judgment in the sum of $50,000. I agree to remit funds in the sum of $50,000 to the United States in full satisfaction of the forfeiture money judgment on or before May 29, 2023. I understand that these funds must be remitted in the form of certified funds made payable to the U.S. Department of Justice and are to be remitted to the U.S. Attorney's Office.

I agree to cooperate fully in the forfeiture of the property to be forfeited. If applicable, I agree to withdraw any existing claims and/or agree not to file any claims in any administrative or civil forfeiture proceeding relating to assets seized as part of this investigation and not otherwise named herein. I agree to execute all documents, stipulations, consent judgments, court orders, bills of sale, deeds, affidavits of title, and the

Defendant's Initials: _____

like, which are reasonably necessary to pass clear title to the United States or otherwise effectuate forfeiture of the property. I further agree to fully cooperate and testify truthfully on behalf of the United States in any legal action necessary to perfect the United States' interest, including but not limited to any ancillary hearing in this criminal action or in any civil litigation.

I further agree to assist in identifying, locating, returning, and forfeiting all forfeitable assets, including the known assets of other persons.

I further agree that the forfeiture provisions of this plea agreement are intended to, and will, survive me, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if I had survived, and that determination shall be binding upon my heirs, successors and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full. To the extent that forfeiture pursuant to this agreement requires me to disgorge wrongfully obtained criminal proceeds, I agree that the forfeiture is primarily remedial in nature.

I understand and agree that forfeiture of this property is proportionate to the degree and nature of the offense committed by me. I freely and knowingly waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. I further understand and agree this forfeiture is separate and distinct from, and is not in the nature of, or in lieu of, any penalty that may be imposed by the Court.

I hereby release and forever discharge the United States, its officers, agents, servants and employees, its heirs, successors, or assigns, from any and all actions, causes of action, suits, proceedings, debts, dues, contracts, judgments, damages, claims, and/or demands whatsoever in law or equity which I ever had, now have, or may have in the future in connection with the seizure, detention and forfeiture of the described assets.

## D. ADDITIONAL MATTERS

### 1. Waiver of Presence of Counsel

I understand my attorney may be present at any contact with any government personnel. However, by my signature below, I expressly waive the presence of counsel

Defendant's Initials: _____

during such contacts and agree government personnel may contact me without the prior approval of my attorney. At any time during such contacts with government personnel, I may request the presence of my attorney and the contact will be suspended until my attorney arrives or indicates that the contact may continue.

### 2. Waiver of Right to Appeal

Knowing that I have a right of direct appeal of my sentence under 18 U.S.C. § 3742(a) and the grounds listed therein, I expressly waive the right to appeal my sentence on those grounds or on any ground. In addition, I hereby waive my right of appeal as to any and all other issues in this matter and agree I will not file a notice of appeal. I am knowingly and voluntarily waiving any right to appeal. By signing this agreement, I am explicitly and irrevocably directing my attorney not to file a notice of appeal. ***Notwithstanding any other language to the contrary, I am not waiving my right to appeal or to have my attorney file a notice of appeal, as to any issue which cannot be waived, by law.*** I understand the United States expressly reserves all of its rights to appeal. **I agree and understand if I file any court document (except for an appeal based on an issue that cannot be waived, by law, or a collateral attack based on ineffective assistance of counsel) seeking to disturb, in any way, any order imposed in my cases such action shall constitute a failure to comply with a provision of this agreement.**

### 3. Waiver of Right to Collaterally Attack

I waive any right I may have to collaterally attack, in any future proceeding, any order issued in this matter, unless such attack is based on ineffective assistance of counsel, and agree I will not file any document which seeks to disturb any such order, unless such filing is based on ineffective assistance of counsel. **I agree and understand that if I file any court document (except for an appeal based on an issue not otherwise waived in this agreement; an appeal based on an issue that cannot be waived, by law; or a collateral attack based on ineffective assistance of counsel) seeking to disturb, in any way, any order imposed in my case, such action shall constitute a failure to comply with a provision of this agreement.**

### 4. Waiver of Statute of Limitations and Venue

These charges to which I am pleading guilty are being brought at my request so that I can plead guilty to misdemeanor offenses rather than the felony charges set forth in the Indictment. Accordingly, as to the charges to which I am pleading guilty, I fully consent

*Defendant's Initials:* _____

to the filing of such charges and waive any potential defense or claim I may have concerning the filing of these charges based on a statute of limitations, improper venue, or any other basis.

### 5. Information Access Waiver

I knowingly and voluntarily agree to waive all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. §552, or the Privacy Act of 1974, 5 U.S.C. §552a.

### 6. Waiver of Witness Fee

I agree to waive all rights, claims or interest in any witness fee I may be eligible to receive pursuant to 28 U.S.C. § 1821, for my appearance at any Grand Jury, witness conference or court proceeding.

### 7. Abandonment of Seized Items

By signing this plea agreement, I hereby abandon my interest in, and consent to the official use, destruction or other disposition of each item obtained by any law enforcement agency during the course of the investigation, unless such item is specifically provided for in another provision of this plea agreement. I further waive any and all notice of any proceeding to implement the official use, destruction, abandonment, or other disposition of such items.

### 8. Program Exclusion

I understand that my convictions may result in me being excluded pursuant to 42 U.S.C. § 1320a-7, from participation in Medicare, Medicaid, and all other Federal health care programs as defined in 42 U.S.C. § 1320a-7b(f).

### 9. Admissibility of Statements

I understand any statements I make (including this plea agreement, and my admission of guilt) during or in preparation for any guilty plea hearing, sentencing hearing, or other hearing and any statements I make or have made to law enforcement agents, in

Defendant's Initials: _____

any setting (including during a proffer), may be used against me in this or any other proceeding. I knowingly waive any right I may have under the Constitution, any statute, rule or other source of law to have such statements, or evidence derived from such statements, suppressed or excluded from being admitted into evidence and stipulate that such statements can be admitted into evidence.

### 10. Additional Obligations

I agree to cooperate fully with law enforcement agents and will disclose to them, at any time requested by them, my knowledge of any criminal activity. I agree I will testify truthfully. I hereby waive any right I may have to refuse to answer any questions. I agree to be debriefed by law enforcement agents concerning any matter. I understand it is a felony offense to make false statements to law enforcement agents or to testify falsely.

I agree not to commit any of the following acts:

- attempt to withdraw my guilty plea, unless the Court rejects the plea agreement;
- deny I committed any crime to which I have pled guilty;
- make or adopt any arguments or objections to the presentence report that are inconsistent with this plea agreement;
- obstruct justice;
- fail to comply with any provision of this plea agreement;
- commit any other crime;
- make a false statement;
- fail to enter my plea of guilty when scheduled to do so, unless a continuance is agreed to by the United States Attorney's Office and granted by the Court;
- fail to testify truthfully, as to any matter, if called upon to do so (at my sentencing hearing or any other proceeding);
- refuse to answer any question;
- fail to comply with any reasonable request of the United States Attorney's Office; or
- fail to cooperate with law enforcement agents.

### E. REMEDIES AVAILABLE TO THE UNITED STATES

I hereby stipulate and agree that the United States Attorney's office may, at its election, pursue any or all of the following remedies if I fail to comply with any provision

Defendant's Initials: [initials]

of this agreement or if the Court rejects this plea agreement: (a) declare this plea agreement void; (b) refuse to dismiss any charges; (c) reinstate any charges dismissed or as to which I pled guilty to a lesser included offense; (d) file new charges concerning the matters involved in the instant investigation; (e) withdraw any substantial assistance motion made, regardless of whether substantial assistance has been performed; (f) refuse to abide by any provision, stipulations, and/or recommendations contained in this plea agreement; or (g) take any other action provided for under this agreement or by statute, regulation or court rule. I hereby waive any double jeopardy, speedy trial, or statute of limitations defense I may have as to any reinstated, newly-filed, or non-dismissed charges described in this paragraph. I agree the provisions of this section are contractual obligations between the United States and me that are severable from the plea agreement and survive any Court's rejection of the plea agreement.

In addition, I agree if, for any reason, my conviction is set aside, or I fail to comply with any obligation under the plea agreement, the United States may file, by indictment or information, any charges against me which were filed and/or could have been filed concerning the matters involved in the instant investigation. I hereby waive my right under Federal Rule of Criminal Procedure 7 to be proceeded against by indictment and consent to the filing of an information against me concerning any such charges. I also hereby waive any statute of limitations defense as to any such charges.

The remedies set forth above are cumulative and not mutually exclusive. The United States' election of any of these remedies, other than declaring this plea agreement void, does not, in any way, terminate my obligation to comply with the terms of the plea agreement. The use of "if" in this section does not mean "if, and only if."

## F. GENERAL PROVISIONS

### 1. Limitation of Agreement

This agreement only binds the United States Attorney's Office for the Western District of Virginia. It does not bind any state or local prosecutor, other United States Attorney's Office or other office or agency of the United States Government, including, but not limited to, the Tax Division of the United States Department of Justice, or the Internal Revenue Service of the United States Department of the Treasury. These individuals and agencies remain free to prosecute me for any offense(s) committed within their respective jurisdictions.

Defendant's Initials: _____

2. **Effect of My Signature**

   I understand my signature on this agreement constitutes a binding offer by me to enter into this agreement. I understand the United States has not accepted my offer until it signs the agreement.

3. **Effective Representation**

   I have discussed the terms of the foregoing plea agreement and all matters pertaining to the charges against me with my attorney and am fully satisfied with my attorney and my attorney's advice. At this time, I have no dissatisfaction or complaint with my attorney's representation. I agree to make known to the Court no later than at the time of sentencing any dissatisfaction or complaint I may have with my attorney's representation.

4. **Misconduct**

   If I have any information concerning any conduct of any government attorney, agent, employee, or contractor which could be construed as misconduct or an ethical, civil, or criminal violation, I agree to make such conduct known to the United States Attorney's Office and the Court, in writing, as soon as possible, but no later than my sentencing hearing.

5. **Final Matters**

   I understand a thorough presentence investigation will be conducted and sentencing recommendations independent of the United States Attorney's Office will be made by the presentence preparer, which the Court may adopt or take into consideration. I understand any calculation regarding the guidelines by the United States Attorney's Office or by my attorney is speculative and is not binding upon the Court, the Probation Office or the United States Attorney's Office. No guarantee has been made by anyone regarding the effect of the guidelines on my case.

   I understand the prosecution will be free to allocute or describe the nature of this offense and the evidence in these cases and make any recommendations not prohibited by this agreement.

   I understand the United States retains the right, notwithstanding any provision in this plea agreement, to inform the Probation Office and the Court of all relevant facts, to

Defendant's Initials: _____

address the Court with respect to the nature and seriousness of the offense(s), to respond to any questions raised by the Court, to correct any inaccuracies or inadequacies in the presentence report and to respond to any statements made to the Court by or on behalf of the defendant.

I willingly stipulate there is a sufficient factual basis to support each and every material factual allegation contained within the charging document(s) to which I am pleading guilty.

I understand this agreement does not apply to any crimes or charges not addressed in this agreement. I understand if I should testify falsely in this or in a related proceeding I may be prosecuted for perjury and statements I may have given authorities pursuant to this agreement may be used against me in such a proceeding.

I understand my attorney will be free to argue any mitigating factors on my behalf; to the extent they are not inconsistent with the terms of this agreement. I understand I will have an opportunity to personally address the Court prior to sentence being imposed.

This writing sets forth the entire understanding between the parties and constitutes the complete plea agreement between the United States Attorney for the Western District of Virginia and me, and no other additional terms or agreements shall be entered except and unless those other terms or agreements are in writing and signed by the parties. This plea agreement supersedes all prior understandings, promises, agreements, or conditions, if any, between the United States and me.

I have consulted with my attorney and fully understand all my rights. I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand this agreement and I voluntarily agree to it. I have not been coerced, threatened, or promised anything other than the terms of this plea agreement, described above, in exchange for my plea of guilty. Being aware of all of the possible consequences of my plea, I have independently decided to enter this plea of my own free will, and am affirming that agreement on this date and by my signature below.

Date: __3/29/23__      _____
                       Ralph Thomas Reach, Defendant

I have fully explained all rights available to my client with respect to the offenses listed in the pending charging document(s). I have carefully reviewed every part of this

Defendant's Initials: _____

plea agreement with my client. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

I understand I may be present at any contact with my client by any government personnel. However, by my signature below, I expressly consent to direct contact with my client, without my prior approval, by government personnel, including but not limited to, in regard to the collection of monetary amounts owed in this and all related matters. At any time during such contacts with government personnel, my client may request my presence and the contact will be suspended until I arrive or indicate that the contact may continue.

If I will continue to represent my client regarding the United States' efforts to collect any monetary obligations, I will notify the United States Attorney's Office, ATTN: Financial Litigation Unit, P.O. Box 1709, Roanoke, Virginia 24008-1709, in writing, of the fact of my continued legal representation within 10 days of the entry of judgment in this case.

Date: 3/29/23

**Jeffrey L. Campbell, Esq.**
*Counsel for Defendant*

Date: 3/29/23

**Janine Myatt**
*Special Assistant United States Attorney*
**Whit Pierce and Randy Ramseyer**
*Assistant United States Attorneys*

Defendant's Initials: ____